UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LESIA JACKSON,                      )
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )     Case No. 4:11CV419SNLJ
                                    )
MILLS PROPERTIES, ET. AL.,          )
                                    )
        Defendants.                 )

# MEMORANDUM AND ORDER

*Pro se* plaintiff has filed this employment action alleging that she was 1) wrongfully discharged and replaced by a younger white female in the position of property manager; and 2) was retaliated against for making verbal and written complaints about a fellow male employee. Plaintiff has filed an amended complaint asserting race, age, retaliation and hostile work environment claims for violations of the Missouri Human Rights Act (MHRA), §213.010 *et. seq.*; Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.§2000e *et. seq.*; and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et. seq*. This matter is before the Court on defendant Sharmyn Calhoun's motion to dismiss [15], filed April 11, 2011 and defendants Kirk Mills, Bruce Mills, and Mike Brewer's motion to dismiss [17], filed May 2, 2011. Responsive pleadings, including the plaintiff's amended complaint, have now all been filed, and this matter is ripe for disposition.[1]

---

[1] The subject motions to dismiss were filed in connection with the plaintiff's original complaint. The subject motions to dismiss raised identical issues as to the plaintiff's original complaint; and thus, defendants Mills and Brewer adopted and incorporated defendant Calhoun's memorandum of law in support of the instant motions. Plaintiff filed responsive pleadings, as well as an amended complaint. Defendant Calhoun has requested that the Court consider her initial motion to dismiss, as well as the memorandum in support, in reviewing the plaintiff's amended

Both motions to dismiss raise the same issues: 1) plaintiff's MHRA claim must be dismissed because plaintiff has failed to exhaust her administrative remedies in failing to name the individual defendants in her MCHR and EEOC charges; and 2) plaintiff's ADEA and Title VII claims must be dismissed for failure to state a claim upon which relief can be granted because there is no individual (supervisor) liability under either statute. Plaintiff appears to respond by arguing the merits of her case as to the involvement of these individual defendants in terminating her employment. She further appears to argue that these defendants should remain in the case, despite not being named in her administrative charges, because she gave copies of her service letter requests to these individual defendants to the EEOC investigator and it was the investigator's responsibility to bring these persons into the fold of the investigation.

After careful consideration of the matter, review of the parties' pleadings, and the relevant caselaw, the Court will grant both motions to dismiss.

## **MHRA - Failure to Exhaust Administrative Remedies**

Plaintiff brings her MHRA claims (as well as her Title VII and ADEA) claims against all defendants, including the corporate defendant Mills Properties, as well as the individual defendants Kirk Mills, Bruce Mills, Mike Brewer and Sharmyn Calhoun. Defendants argue that the Court should dismiss plaintiff's MHRA claim against the individual defendants because she has failed to exhaust her administrative remedies as to her MHRA claim by failing to name each of the individual defendants in her Charge of Discrimination. *See*, Hill v. Ford Motor Co., 277 S.W.3d. 659, 669 (Mo. 2009); Borders v. Trinity Marine Products, 2010 WL 5139343 (E.D.Mo.

---

complaint. *See*, Document [32], filed June 10, 2011. Defendants Mills and Brewer have also requested that the Court consider their initial motion to dismiss and memorandum in support (they have again adopted and incorporated defendant Calhoun's memorandum in support) in reviewing the plaintiff's amended complaint. *See*, Document [35], filed June 20, 2011.

2

December 9, 2010). In her Charge of Discrimination, plaintiff only names Mills Properties, Inc. as the respondent in her charge.

The MHRA provides:

> "Any person claiming to be aggrieved by an unlawful
> discriminatory practice may make, sign and file with
> the commission a verified complaint in writing . . .
> which shall state the name and address of the person
> alleged to have committed the unlawful discriminatory
> practice and which shall set forth the particulars
> thereof and such other information as may be required
> by the commission . . ."

§213.075 R.S.Mo. Under the MHRA, the term "employer" includes "any person directly acting in the interest of an employer". §213.010.7 R.S.Mo. Finally, individuals can be held liable in their individual capacities on a claim under the MHRA. Hill v. Ford Motor Co., at 669 (citations omitted).

In Hill v. Ford Motor, *supra.*, the Missouri Supreme Court reasoned that requiring an individual to be named in a charge in order to be included in the later civil suit serves two purposes: "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." Id., *citing* Glus v. G.C. Murphy Co., 562 F.2d. 880, 888 (3rd. Cir. 1977). These requirements are met if there is "substantial identity of interests" between those named in the charge and those not named in the charge but named in the judicial complaint. In analyzing the "substantial identity of interests" issue, the Hill Court identified four (4) factors a court should consider when determining if the failure of a plaintiff to name a defendant in the administrative charge is fatal to later-brought judicial claim against that defendant. These four (4) factors are:

> "1) whether the role of the unnamed party could through reasonable
> effort by the complainant be ascertained at the time of the filing of the
> EEOC [or MCHR] complaint; 2) whether, under the circumstances,

3

> the interests of a named are so similar as the unnamed party's that
> the purpose of obtaining voluntary conciliation and compliance it would
> be unnecessary to include the unnamed party in the EEOC proceedings;
> 3) whether its absence from the EEOC proceedings [or MCHR]
> resulted in actual prejudice to the interests of the unnamed party; 4)
> whether the unnamed party has in some way represented to the
> complainant that its relationship with the complainant is to be
> through the named party."

Hill, at 669-70.

Applying the four (4) Hill factors, the Court concludes that plaintiff has failed to sufficiently demonstrate a "substantial identity of interests" between the corporate defendant named (Mills Properties) in her Charge of Discrimination and the individual defendants not named in her administrative charge.

The Court has reviewed all exhibits submitted by the parties, including but not limited to, plaintiff's Charge of Discrimination, plaintiff's Intake Questionnaire, and the parties' affidavits.[2] Firstly, it is clear that the plaintiff could have ascertained the individual defendants' personal information and individually named them in her charge at the time she filed her charge. Plaintiff contends that she provided plenty of information to the MCHR/EEOC investigator regarding her "claims" against the individual defendants and that the investigator was responsible for naming them in her charge. The Court has reviewed the "information" allegedly provided the investigator. It primarily consists of her requests for service letters to defendants Kirk Mills and Sharmyn Calhoun, after her termination on February 17, 2010. She further provided (allegedly) copies of emails sent to various individuals, not just the individual named defendants, complaining about a co-worker. Finally, in her Intake Questionnaire, she simply identifies both of the Mills

---

[2]The Court has considered the plaintiff's affidavit [29-1] but gives it little weight since it is largely composed of hearsay, speculations, conjecture, and unauthenticated recitations of alleged dialogue between plaintiff and various defendants (and non-parties).

4

defendants as "owners" of corporate defendant Mills Properties, defendant Brewer as her "supervisor", and defendant Calhoun as the "EVP HR and Risk Management" person who terminated plaintiff's employment. Plaintiff's Exhibit 2 to Document [26]. In the substantive portion of her administrative charge, she only mentions defendants Brewer and Calhoun, by name (and a non-party Stephanie Simmons), as people who she told (shortly prior to her termination) that she "did not feel safe around Jim". Document [16-1].[3]

There is nothing in these documents which demonstrates a "substantial identity of interests" between Mills Properties, and the individual defendants. Her documents show her displeasure with her service letter, but this is not the basis for any of her claims in the administrative charge. The emails regarding a variety of issues were communications between herself and several individuals, not just the individual defendants. There is no indication that these four (4) individual defendants should have been considered as part of her administrative charge. *See*, Borders v. Trinity Marine, at *2. Furthermore, the MHRA provides a procedure for joining additional individuals not named in the initial Charge of Discrimination. §213.075(4) R.S.Mo. Under §213.075(4), plaintiff can add additional individuals if they are identified in the course of the MCHR investigation. Plaintiff can add these individuals upon, among other things as required by §213.075(4), providing notice to said individuals as to the reason(s) for adding them as a party to the discrimination charge. Plaintiff Jackson did not issue such notice to any one of the individual defendants in this case. *See*, Borders v. Trinity Marine, at *2.

Furthermore, there is nothing provided by the plaintiff which indicates that the corporate interest of Mills Properties is so similar to the interests of these individual defendants. The

---

[3]The Court presumes that "Jim" is the co-worker she references in her judicial complaint.

personal interests of these individuals; i.e. to be held personally liable for damages based upon a corporate employment decision, is not the same as holding the corporate employer liable.

Furthermore, it is clear to the Court that these individual defendants would be prejudiced by being subjected to liability now when they were not provided the opportunity to participate in the MCHR investigation. The individual defendants have filed affidavits attesting that they were never given any indication that plaintiff was looking towards holding them personally liable. They further attest that they were never given the opportunity to respond to the MCHR's inquiry as an actual respondent in the investigation; that they were never given the opportunity to present any documents in defense of any discrimination charge that was being investigated against them personally; and that they were never given the opportunity to participate in any conciliation process regarding the plaintiff's charge on their own individual behalf. Defendants' Exhibits 16-2 (Exhibit B - Declaration of Sharmyn Calhoun); 17-1 (Exhibit A - Verification on behalf of Kirk Mills); 17-2 (Exhibit B - Verification on behalf of Bruce Mills); and 17-3 (Exhibit C - Verification on behalf of Mike Brewer). "Answering questions as part of an investigation against your employer presents a far different scenario compared to being named as an individual defendant from the outset." Borders v. Trinity Marine, at *3.

Finally, there is no evidence that these four individuals held themselves out as the virtual alter ego of corporate defendant Mills Properties. Plaintiff contends that they are the company simply by virtue of their employment with the company. However, that theory would make every employee of any corporate defendant subject to a discrimination lawsuit when not named in the administrative charge.

In balancing the four (4) factors adopted by the Hill Court, this Court finds that there is no "substantial identity of interest" between the four (4) individual defendants and the corporate

defendant Mills Properties. Defendants Calhoun, K. Mills, B. Mills, and Brewer are not subject to individual liability in this case, as Mills Properties is the proper defendant and the only defendant named in the plaintiff's MCHR/EEOC charge of discrimination.

### Title VII and ADEA Claims

Plaintiff also brings her Title VII and ADEA claims against these four individual defendants. It is well-established in this district and the Eighth Circuit, that there is no individual liability under Title VII and/or the ADEA. *See*, Van Horn v. Best Buy Stores, LP, 526 F.3d. 1144, 1147 (8th Cir. 2008)(Title VII); Smith v. Bankers Life & Casualty Co., 519 F.Supp.2d. 964, 967 (S.D.Iowa 2007)(internal citations omitted)(ADEA); Kelleher v. Aerospace Community Credit Union, 927 F.Supp. 361, 362 (E.D.Mo. 1996)(ADEA); McCann v. New World Pasta Co., 2010 WL 4180717 (E.D.Mo. October 20, 2010); Hamilton v. Missouri Dept. of Corrections, 2010 WL 2653277, *4 (W.D.Mo. June 23, 2010)(Title VII); Roberts v. USCC Payroll Corp., 2009 WL 88563, *4 (N.D.Iowa January 13, 2009)(internal citations omitted)(ADEA).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Calhoun's motion to dismiss [15] be and is **GRANTED.** Defendant Calhoun is hereby **DISMISSED** with prejudice from this cause of action.

**IT IS FURTHER ORDERED** that defendants K. Mills, B. Mills, and Brewer's motion to dismiss [17] be and is **GRANTED.** Defendants Kirk Mills, Bruce Mills, and Mike Brewer are hereby **DISMISSED** with prejudice from this cause of action.

**IT IS FINALLY ORDERED** that these parties shall bear their respective fees and costs in this matter.

Dated this   12th   day of August, 2011.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE